KARL S. HALL
Reno City Attorney
JONATHAN D. SHIPMAN
Assistant City Attorney
Nevada State Bar No. 5778
*shipmanj@reno.gov*
WILLIAM J. McKEAN
Deputy City Attorney
Nevada State Bar No. 6740
*mckeanw@reno.gov*
CHANDENI K. SENDALL
Deputy City Attorney
Nevada State Bar No. 12750
*sendallc@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendant City of Reno*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GLADIS AND ANGEL ESTRADA, | CASE NO.: 3:20-cv-00579-MMD-CLB |
| Plaintiffs, | |
| vs. | **DEFENDANT CITY OF RENO'S MOTION TO DISMISS AMENDED COMPLAINT** |
| THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1 through 10 inclusive, | |
| Defendants. | |

Defendant City of Reno ("Defendant" or the "City"), by and through its attorneys, Reno City Attorney Karl S. Hall, Assistant City Attorney Jonathan D. Shipman, and Deputy City Attorneys William J. McKean and Chandeni K. Sendall, hereby submits its Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 9) for failure to state a claim upon which relief can be granted. This Motion is made and based on Rule 12(b)(6) of the Federal Rules of Civil

Procedure ("FRCP"), the pleadings and papers on file herein, and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 8, 2020, Plaintiffs Gladis and Angel Estrada initiated this action under 42 U.S.C. § 1983 alleging a violation of the Fifth Amendment's Takings Clause.  ECF No. 1, ¶¶94-105.  The Complaint also alleges Nevada state-law claims for inverse condemnation, trespass, conversion, and nuisance.[1]  *Id.*, ¶¶106-127.

On January 11, 2020, the City filed a motion to dismiss the Complaint.  ECF No. 6 ("MTDC").  On January 20, 2021, just before the deadline for responding to the City's motion, Plaintiffs filed a first Amended Complaint, mooting the City's MTDC.  ECF No. 9 ("FAC").  In filing the FAC, Plaintiffs have made no substantive changes to address the legal deficiencies as

---

[1] The City was served with the Complaint on January 5, 2021.  That same day, the City was served with an additional 10 complaints on behalf of other plaintiffs asserting the same causes of action based on similar factual and/or legal allegations.  Those complaints have been docketed as *Berns vs. City of Reno*, 3:20-cv-00649-MMD-CLB; *Bushey vs. City of Reno*, 3:20-cv-00650-MMD-WGC; *Cleous vs. City of Reno*, 3:20-cv-00585-RCJ-CLB; *Dekker vs. City of Reno*, 3:20-cv-00712-LRH-WGC; *Loffer vs. City of Reno*, 3:20-cv-00711-MMD-CLB; *Nauman vs. City of Reno*, 3:20-cv-00713-RCJ-CLB; *Novak vs. City of Reno*, 3:20-cv-00586- MMD-CLB; *Schutte vs. City of Reno*, 3:20-cv-00714-MMD-CLB; *Siminoe vs. City of Reno*, 3:20-cv-00595-RCJ-CLB; *Spencer vs. City of Reno*, 3:20-cv-00715-MMD-WGC.  In addition, on January 13, 2021, the City was served with six additional complaints on behalf of other plaintiffs similarly asserting the same causes of action based on related factual and/or legal allegations.  Those complaints have been docketed as:  *Aguilar vs. City of Reno*, 3:21-cv-00011-MMD-CLB; *Conlin vs. City of Reno*, 3:21-cv-00012-MMD-WGC; *Donohoe vs. City of Reno*, 3:21-cv-00014-MMD-CLB; *Dutcher vs. City of Reno*, 3:21-cv-00015-MMD-CLB; *Nevarez vs. City of Reno*, 3:21-cv-00017-HDM-CLB; *New Life Assembly of God vs. City of Reno*, 3:21-cv-00016-MMD-WGC.  On January 20, 2021, the City was served with ten additional complaints: *Berry vs. City of Reno*, 3:21-cv-00038-LRH-CLB; *Hall vs. City of Reno*, 3:21-cv-00040-MMD-WGC; *Hughett vs. City of Reno*, 3:21-cv-00036-MMD-WGC; *King vs. City of Reno*, 3:21-cv-00024-MMD-CLB; *Launer vs. City of Reno*, 3:21-cv-00026-HDM-CLB; *Long vs. City of Reno*, 3:21-cv-00023-MMD-WGC; *Pearson vs. City of Reno*, 3:21-cv-00021-MMD-WGC; *Pool vs. City of Reno*, 3:21-cv-00029-MMD-CLB; *Ross vs. City of Reno*, 3:21-cv-00022-HDM-WGC; *Sotelo vs. City of Reno*, 3:21-cv-00037-MMD-CLB.

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

1   set forth in the City's MTDC.[2]  Plaintiffs' failure to do so should be viewed as a concession that

2   any subsequent leave to amend would be futile, warranting dismissal of this case with prejudice.

## II. FACTUAL ALLEGATIONS

Plaintiffs make the following allegations:  Gladis and Angel Estrada own a residential property located at 11740 Tupelo Street in Washoe County, Nevada, an area northwest and beyond the jurisdiction of the City of Reno.  *Id.*, ¶¶5-9 & 62.  Between February and May 2017—***for the first time in over 50 years***—Swan Lake overflowed its natural lake boundaries.  *Id.*, ¶¶14 & 71.  This overflow allegedly "physically invaded" the Estradas' property on February 8, 2017, and continued through May 2017.  *Id.*, ¶¶68 & 71.  Plaintiffs claim that the overflow was caused by the City's approval of private development and operation of a wastewater treatment plant over the prior 30 years.  *Id.*, ¶61.  Plaintiffs were displaced for approximately six months during 2017, and incurred more than $100,000 in repair costs.  *Id.*, ¶¶5, 77, 78.  However, they still reside at 11740 Tupelo Street. *Id.*, ¶5.

In May 2017, a class action was commenced in Nevada state court based on the Swan Lake flooding, and alleging claims of inverse condemnation, trespass, nuisance, and conversion against the City.  *Id.*, ¶87.  The class action was decertified in July 2020.  *Id.*, ¶92.  Plaintiffs allege that the class action tolled the statute of limitations "as a matter of law." *Id.*, ¶93.

On October 8, 2020—approximately 3-½ years after the alleged "physical invasion"—Plaintiffs initiated this action under 42 U.S.C. § 1983 for a violation of the Fifth Amendment's Takings Clause, along with pendant Nevada state-law claims for inverse condemnation, trespass, conversion, and nuisance.  *Id.*, ¶¶94-127.

## III.  STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) essentially seeks a "ruling on a question of law."  *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983).  In such cases,

---

[2] The only apparent differences between the Complaint (ECF No. 1), and the FAC (ECF No. 9), is the addition of the word "Amended" in the title, the addition of the phrase that "the City was acting under color of Nevada law" in paragraph 6 (addressing another patent defect), and the omission of a verification.

**Reno City
Attorney
P.O. Box 1900
Reno, NV 89505**

1   court's review is limited to the contents of the complaint, as well as matters properly subject to

2   judicial notice.  *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003).

3   To "survive a motion to dismiss, a complaint must contain sufficient factual matter,

4   accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

5   U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this

6   regard, a plaintiff must allege "more than labels and conclusions" or a "formulaic recitation of

7   the elements of a cause of action."  *Twombly*, 550 U.S. at 555.   The factual allegations "must be

8   enough to raise a right to relief above the speculative level on the assumption that all the

9   allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citation omitted).  However,

10  a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal,*

11  556 U.S. at 679 (*quoting Twombly* at 555).  Finally, a complaint may be dismissed where "the

12  running of the statute is apparent on the face of the complaint."  *Jablon v. Dean Witter & Co.*,

13  614 F.2d 677, 682 (9th Cir. 1980).

14  Accordingly, a dismissal of this case may be based on: (a) the lack of a cognizable legal

15  theory, or (b) insufficient facts under a cognizable legal theory.  *SmileCare Dental Group v.*

16  *Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  In

17  addition, dismissal may be granted where the running of the applicable statute of limitation is

18  apparent from the face of the complaint.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

19  Based upon these standards, Plaintiffs' FAC should be dismissed.

## IV.  LEGAL ARGUMENT

21  Plaintiffs' sole federal claim is an action under 42 U.S.C. § 1983.[3]   For the reasons

22  discussed below, this claim fails as a matter of law.  In the absence of a valid federal claim, this

23

24

25  [3] A plaintiff "complaining of a violation of a constitutional right does not have a direct cause of

26  action under the United States Constitution but must utilize 42 U.S.C. § 1983."  *Arpin v. Santa*
    *Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citation omitted); *see also*

27  *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003)
    ("Taking claims must be brought under § 1983.").  In addition, while Plaintiffs also seek a

28  declaration of their rights pursuant 28 U.S.C. § 2201, that statute does not provide an
    independent source of federal jurisdiction, but merely provides an additional remedy once

Court should decline to exercise jurisdiction over Plaintiffs' pendant state-law claims.  However, even if the Court were to exercise supplemental jurisdiction, Plaintiffs' state law claims also fail as a matter of law.

**A.      Plaintiffs' sole federal claim fails as a matter of law.**

As previously noted, Plaintiffs assert only one federal claim in this case—a Fifth Amendment takings claim under Section 1983.  Accepting their allegations as true, this claim fails because it is time-barred.  Even if Plaintiffs' federal claim was not time barred, there is no factual basis for their conclusory allegation that the claimed injury was caused by a municipal "policy or custom."

**1.      Plaintiffs' Section 1983 claim is time barred.**

In Nevada, a Section 1983 claim is subject to a two-year statute of limitations.  *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (applying NRS 11.190(4)(e) (*citing Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (ruling that the applicable state statute of limitations for Section 1983 claims is the limitations period for personal injury claims)).  A Section 1983 claim is also subject to Nevada's tolling provisions.  *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) ("where the federal courts borrow the state statute of limitations, we also borrow the forum state's tolling rules").  Finally, such a claim accrues when the plaintiff knows or has reason to know of the underlying injury.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, the alleged unlawful taking occurred on February 8, 2017—when the Plaintiffs contend they became aware of the City's alleged physical invasion.  ECF No. 9, ¶¶68 & 71.  Thus, the applicable two-year limitations period expired on February 8, 2019—two years after February 8, 2017.  This Complaint, however, was filed on October 8, 2020, which is 20 months after the statute of limitations period ended.

Apparently recognizing this patent defect, Plaintiffs allege that the statute of limitations period was tolled by a previously-decertified state-court class action.  *Id.*, ¶93 ("For the purposes

_____

jurisdiction is found to exist on another ground.  *See Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967).

of statute of limitations, all periods between October 30, 2017 and July 6, 2020 are tolled *as a matter of law* for each member of the class action.") (emphases added).  Presumably, Plaintiffs rely on the doctrine of class action tolling, as announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  That doctrine does not apply here; as it applies "within the federal court system in federal question class actions only."  *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1014-15 (C.D. Cal. 2011).

Where members of a decertified *state* class action seek to bring subsequent claims in *federal* court based on class action tolling, the forum state must first have adopted the doctrine of cross-jurisdictional tolling.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (noting that only a "handful of states" have adopted cross-jurisdictional tolling).  Nevada has *not* done so.  *Archon Corp. v. Dist. Ct.*, 133 Nev. 816, 407 P.3d 702 (2017) (declining to adopt "[c]ross-jurisdictional class-action tolling", which "would suspend the statute of limitations . . . even if the class action was pending in a different jurisdiction than the one in which the individual plaintiff later brings suit.").  When a state has not addressed the issue of cross-jurisdictional tolling, a federal court will refrain from importing the doctrine into the state.  *Clemens*, 534 F.3d at 1025.  Thus, cross-jurisdictional tolling is not applicable in this case.

In summary, Plaintiffs' Section 1983 claim is time barred under the applicable two-year statute of limitations, and that period is not tolled by a state-court class action because Nevada has not adopted the doctrine of cross-jurisdictional class action tolling.

## 2. Plaintiffs fail to state a claim for municipal liability under Section 1983.

To state a Section 1983 claim, a plaintiff must identify a municipality's "policy or custom" that caused the alleged injury.  *Monell v. New York City Dep't of Social Serv's*, 436 U.S. 658, 694 (1978).  A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law."  *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  A practice is a "custom" only if it is "so persistent and widespread that it constitutes a permanent and well settled city policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted).  Negligence is not enough.  *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986) ("lack of due care

1  suggests no more than a failure to measure up to the conduct of a reasonable person."). And

2  more proof than a single incident is necessary to establish the requisite fault on the part of the

3  municipality. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional

4  deprivation ordinarily is insufficient to establish a longstanding practice or custom."); *Davis v.

5  City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence

6  of a municipal policy or custom based solely on the occurrence of a single incident . . ..").

7       Here, in a superficial attempt to plead a valid *Monell* claim, Plaintiffs include a

8  conclusory statement that the City has a "practice and policy of unlawfully using [11740 Tupelo]

9  as storage for its floodwaters." ECF No. 9, ¶101. The FAC alleges no factual basis for such a

10  legal conclusion. To the contrary, the only formal municipal policy Plaintiffs' specifically

11  identify is one intended to "***mitigate*** potential flooding in the area." *Id.*, ¶41 (emphasis added).

12  In the absence of any supporting factual allegation, Plaintiffs' claim of an unlawful City policy

13  amounts to nothing more than a "formulaic recitation," which is insufficient to state a Section

14  1983 claim. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (affirming

15  dismissal of a *Monell* claim that "lack[ed] any factual allegations that would separate [it] from

16  the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*.").

17  Plaintiffs appear to be attempting to allege that the flooding was caused by the City's ***failure*** to

18  enforce its policy intended to "mitigate potential flooding in the area." ECF No. 9, ¶41. In that

19  case, however, such an allegation would amount to mere negligence, which is also insufficient to

20  state a Section 1983 claim. *Daniels*, 474 U.S. at 333-36.

21       Alternatively, it may be that Plaintiffs are attempting to allege their claimed injury was

22  caused by a "practice" of the City. ECF No. 9, ¶¶31, 45 (alleging the City has maintained and

23  operated public infrastructure "since the early 1980s," and approved development plans since

24  2002. However, controlling case law holds that absent a "formal governmental policy," a

25  plaintiff must allege that their claimed injury was caused by a "longstanding practice . . . which

26  constitutes the standard operating procedure of the local government entity." *Trevino*, 99 F.3d at

27  918 (citations omitted). Here, Plaintiffs ***admit*** in their allegations that this type of flooding has

28  ***never occurred in the prior 50 years***. ECF No. 9, ¶14. Such an allegation is inconsistent with

the existence of any longstanding City practice to use Plaintiffs' property at 11740 Tupelo as "storage for [the City's] flood waters."  *Id.*, ¶101.

Accordingly, Plaintiffs fail to state a Section 1983 claim for municipal liability under the requirements set forth in *Monell.*

### 3.    The Court should decline to exercise Supplemental Jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over a plaintiff's claims arising out of state law where said claims form part of the same case or controversy as do the federal questions at issue.  The Court may decline, however, to exercise supplemental jurisdiction over state law claims if the court determines that the federal claims warrant dismissal.  28 U.S.C. § 1367(c)(3).  "If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Accordingly, upon this Court's dismissal of Plaintiffs' sole federal claim premised on 42 U.S.C. § 1983, Plaintiffs' state law claims should be wholly dismissed as well.

### B.    Plaintiffs' state law claims each fail as a matter of law.

Even if this Court were to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, independent grounds for dismissal exist.  First, Plaintiffs' three tort claims are barred by the applicable Nevada statute of limitations.  Second, Plaintiffs fail to allege the elements necessary to a state takings claim based on flooding under Nevada law.[4]

### 1.    Tort statute of limitations: Trespass, Conversion, Nuisance

Plaintiffs' tort claims are based on state law, and therefore, Nevada law governs the statute of limitations.  *Sierra Diesel Injection Serv. v. Burroughs Corp.*, 648 F. Supp. 1148, 1152 (D. Nev. 1986) (the local law of the forum determines whether a claim is barred by the statute of

---

[4] The limitations period for an inverse condemnation claim under Nevada law is 15 years.  *City of N. Las Vegas v. 5th & Centennial, LLC*, 130 Nev. 619, 625, 331 P.3d 896, 900 (2014).

1   limitations).  Under Nevada law, the torts of trespass, conversion and nuisance are all subject to a

2   three-year statute of limitations.  NRS 11.190(3); *Kaplan v. Cty of Washoe*, 2020 WL 2843446, *

3   (Nev. May 29, 2020) 464 P.3d 127 (unpublished disposition) (concluding that NRS 11.190(3)

4   provides a three-year statute of limitations for trespass and nuisance and "does not provide an

5   exception for claims of a continuing nature"); *Palludan v. Bergin*, 78 Nev. 441, 443, 375 P.2d

6   544, 545 (1962) (action for conversion subject to the three-year statute of limitations); *see also*

7   *Gann v. Saylor*, No. 3:15-CV-00264-MMD-WGC, 2015 WL 13707450, at *6 (D. Nev. Aug. 20,

8   2015) (claims for trespass to real property and conversion are subject to the three-year statute of

9   limitations).

10          In this case, the last acts or omissions Plaintiffs attribute to the City occurred in April

11   2017.  ECF No. 9, ¶¶54-55.  As such, Plaintiffs fail to allege facts in support of their state tort

12   claims within three years of the Complaint having been filed on October 8, 2020.  Accordingly,

13   Plaintiffs' three state tort claims (trespass, conversion and nuisance) are barred by the applicable

14   Nevada statute of limitations.

15          **2.      Inverse condemnation (Nevada law).**

16          Plaintiffs fail to state a claim for inverse condemnation under Nevada law.  Such liability

17   presents a question of law.  *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. 1,

18   11, 293 P.3d 860, 866 (2013); *see also Fritz v. Washoe Cnty.*, Case No. 75693, 2019 WL

19   2339457, *2, note 2 (May 31, 2019) (unpublished disposition), *cert. denied*, 2020 WL 2105277

20   (U. S. May 4, 2020) (*Fritz II*).[5]  Under Nevada law, a party claiming a taking based on the

21   diversion of surface water must allege (a) physical invasion of flood waters, and (b) resulting

22   substantial injury.  *Buzz Stew, LLC v. City of N. Las Vegas*, 131 Nev. 1, 341 P.3d 646, 650

23   (2015) (*citing Cnty. of Clark v. Powers*, 96 Nev. 497, 501 n. 3, 504, 611 P.2d 1072, 1075 n. 3,

24   1076 (1980); *Fritz II*, *3 (ruling a taking by flooding was not established where a property had

25   "only flooded three times and none of those times resulted in substantial damage sufficient to

26

27

28

---

[5] The Nevada Supreme Court's ruling in *Fritz II* followed its prior determination that the district court's findings were insufficient to determine if there was a taking.  *Fritz v. Washoe Cty.* (*Fritz I*), 132 Nev. 580, 586, 376 P.3d 794, 796 (2016).

**Reno City**
**Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

destroy or impair the property's usefulness").  Mere damage to property does not suffice.  *Sloat v. Turner*, 93 Nev. 263, 268, 563 P. 2d 86, 89 (1977) (the Nevada Constitution "provides for compensation based solely on a taking by the state of private property, not for damage thereto.").  Here, Plaintiffs fail to allege any facts to support these requisite elements.

First, the "physical invasion" element requires the subject property be subject to "frequent and inevitable" flooding.  *Powers*, 96 Nev. at 501, 611 P.2d at 1074-5.  Here, the facts alleged by the Plaintiffs fail to satisfy this standard.  Plaintiffs do not allege, for example, that the event that constituted the taking—the overflow of Swan Lake— is "frequent and inevitable."  Instead, they allege that the flooding event in this case occurred for the first time in 2017, and that no such flooding had occurred in the prior 50 years.  ECF No. 9, ¶14.

Second, the "substantial injury" element requires the physical invasion "effectually destroy or impair [the property's] usefulness."  *Fritz*, 2019 WL 2339457, *2 (*citing Powers*, 96 Nev. at 501 n.3, 611 P.2d at 1075 n.3).  Here, Plaintiffs do not allege that the only practical use of the subject property is "as a flood channel."  *See*, *e.g.*, *Clark Cty.*, 96 Nev. at 501, 611 P.2d at 1075 (ruling a taking had occurred where the subject "property no longer had a practical use other than as a flood channel").  To the contrary, Plaintiffs admit that they continue to use the property at 11740 Tupelo as their primary residence.  ECF No. 9, ¶5.

Finally, Nevada law is clear that an inverse condemnation claim does not arise from mere damage to property.  *Sloat*, 93 Nev. at 268, 563 P. 2d at 89.  Instead, a taking arises where the "owner loses an interest in [his/her] property," in which case an "award of just compensation is a substitute for that lost interest in the property."  *Argier v. Nevada Power Co.*, 114 Nev. 137, 140, 952 P.2d 1390, 1392 (1998).  In this case, however, Plaintiffs fail to identify any property right allegedly taken by the City.  Instead, they allege damage to the property itself, which they subsequently repaired, and the alleged existence of "saturated soils."  ECF No. 9, ¶¶78-79, 81.  These allegations fail to identify any property interest that has allegedly been condemned.

In summary, Plaintiffs fail to state a claim for inverse condemnation under Nevada law.

///

///

1

## IV.  CONCLUSION

2      For all the foregoing reasons, Defendant City of Reno requests that this Court dismiss

3   Plaintiffs' FAC with prejudice pursuant to FRCP 12(b)(6).

4      DATED this 20th day of January, 2021.

5                                              KARL S. HALL
                                               Reno City Attorney
6

7                                              By:   */s/   William J. McKean*
                                                    WILLIAM J. McKEAN
8                                                   Deputy City Attorney
                                                    Post Office Box 1900
9                                                   Reno, Nevada 89505
                                                    *Attorneys for Defendant City of Reno*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Reno City
Attorney
P.O. Box 1900
Reno, NV 89505**

1

## <u>CERTIFICATE OF SERVICE</u>

2

Pursuant to LR IC 5-1, I certify that I am an employee of the RENO CITY ATTORNEY'S

3

OFFICE, and that on this date, I am serving the foregoing document on the party(s) set forth below

4

by:

5

_____      Placing an original or true copy thereof in a sealed envelope placed for collection

6             and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following
              ordinary business practices.

7

_____      Personal delivery.

8

  X         CM/ECF electronic service, addressed as follows:

9

10            Luke Busby, Esq.
              316 California Ave #82

11            Reno, NV 89509
              *Attorney for Plaintiffs*

12
              Doyle Law Office
13            4600 Kietzke Lane
              Suite I-207
14            Reno, NV 89502
              *Attorneys for Plaintiffs*

15

16    _____  Facsimile (FAX).

17    _____  Federal Express or other overnight delivery.

18    _____  Reno/Carson Messenger Service.

19

20        DATED this 20th day of January, 2021.

21

22                                        By:   /s/   Jeanette Sparks

23                                              Jeanette Sparks
                                                Legal Assistant

24

25

26

27

28