1
2
3
4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GLADIS and ANGEL ESTRADA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: 3:20-cv-00579-MMD-CLB<br><br>**JOINT MASTER CASE MANAGEMENT REPORT**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

On February 5, 2021, Plaintiffs Gladis and Angel Estrada[1] ("Estrada" or "Plaintiffs"), by and through their counsel of record Roger Doyle, Esq., Kerry Doyle, Esq. and Luke Busby, Esq., and Defendant City of Reno (the "City" or "Defendant"), by and through their counsel of record Jonathan Shipman, Esq., William McKean, Esq. and Chandeni Sendall, Esq., met and conferred pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1.  The Parties hereby submit this Master Case Management Report with Stipulated Discovery Plans and Scheduling Order in anticipation of the February 22, 2021 video/telephonic case management conference before the Honorable Magistrate Judge Baldwin.  (*See* ECF No. 14.)

I. **SHORT STATEMENT ABOUT THE NATURE OF THE CASE, INCLUDING A DESCRIPTION OF EACH CLAIM AND DEFENSE**

This action, along with the twenty-six (26) related matters discussed below, began with claims made in a state class action that was decertified after a determination of liability against

---
[1] And on behalf of all other related case Plaintiffs listed below in Section V.

the City for inverse condemnation and conversion and for which final judgment was entered on February 11, 2021. The complaints in each of the 27 matters allege that the City's approval, acceptance of dedications and improvements associated with private development, and its design and operation of storm and wastewater infrastructure caused flooding on their properties beginning in January 2017.  Plaintiffs assert the City is liable under 42 U.S.C. § 1983 for a violation of the Fifth Amendment's Takings Clause, and supplemental state law claims for inverse condemnation, trespass, conversion, and nuisance.

The City filed motions to dismiss between January 20, 2021 and February 10, 2021 on all but one of the complaints.

All but one of the cases have been reassigned to Chief District Judge Miranda M. Du and Magistrate Judge Carla L. Baldwin.[2]  (ECF No. 15.)

## II.     JURISDICTIONAL BASES FOR THE CASE

This Court has original Federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' action alleged under 42 U.S.C. § 1983 for a violation of the Fifth Amendment's Takings Clause. In addition, the Court has supplemental jurisdiction over the pendant Nevada state law claims for inverse condemnation, trespass, conversion, and nuisance pursuant to 28 U.S.C. § 1367.  Venue is proper in the Northern Division of the District of Nevada as all parties are located within the County of Washoe, Nevada and the events at issue in this case took place in Washoe County, Nevada.

## III.    ADDITIONAL PARTIES AND AMENDMENT OF THE PLEADINGS

The Parties reserve the right to add parties and amend the pleadings pursuant to the FRCP and deadlines approved by the Court.

## IV.    MOTIONS PENDING BEFORE THE COURT

The City filed motions to dismiss in all but one of the related cases.  The majority of Plaintiffs' oppositions are due February 24, 2021. In each motion to dismiss the City argues that

---

[2] *New Life Assembly of God vs. City of Reno*, 3:21-cv-00016-MMD-WGC.  Plaintiffs have refiled the motion to consolidate this matter with the other related matters.

Plaintiffs' Section 1983 claims are time-barred, Plaintiffs failed to state a claim for municipal liability under Section 1983, and the Court should decline to exercise supplemental jurisdiction.

Plaintiffs anticipate filing in the near future motions for summary judgment on liability in each matter based upon issue preclusion pursuant to *San Remo Hotel L.P. v. S.F. City & Cty.*, 364 F.3d 1088 (9th Cir. 2004) and state law.

Both the motions to dismiss and the soon to be filed motions for summary judgment directly impact the scope of discovery.

## V.   RELATED & REASSIGNED CASES

The following 26 cases are related to this matter as they all arise out of the same flooding event in 2017:

1. *Aguilar vs. City of Reno*, 3:21-cv-00011-MMD-CLB;
2. *Berns vs. City of Reno*, 3:20-cv-00649-MMD-CLB;
3. *Berry vs. City of Reno*, 3:21-cv-00038-MMD-CLB;
4. *Bushey vs. City of Reno*, 3:20-cv-00650-MMD-CLB;
5. *Cleous vs. City of Reno*, 3:20-cv-00585-MMD-CLB;
6. *Conlin vs. City of Reno*, 3:21-cv-00012-MMD-CLB;
7. *Dekker vs. City of Reno*, 3:20-cv-00712-MMD- CLB;
8. *Donohoe vs. City of Reno*, 3:21-cv-00014-MMD-CLB;
9. *Dutcher vs. City of Reno*, 3:21-cv-00015-MMD-CLB;
10. *Hall vs. City of Reno*, 3:21-cv-00040-MMD- CLB;
11. *Hughett vs. City of Reno*, 3:21-cv-00036-MMD- CLB;
12. *King vs. City of Reno*, 3:21-cv-00024-MMD-CLB;
13. *Launer vs. City of Reno*, 3:21-cv-00026-MMD-CLB;
14. *Loffer vs. City of Reno*, 3:20-cv-00711-MMD-CLB;
15. *Long vs. City of Reno*, 3:21-cv-00023-MMD- CLB;
16. *Nauman vs. City of Reno*, 3:20-cv-00713-MMD-CLB;
17. *New Life Assembly of God vs. City of Reno*, 3:21-cv-00016-MMD-WGC;
18. *Nevarez vs. City of Reno*, 3:21-cv-00017-MMD- CLB;

19. *Novak vs. City of Reno*, 3:20-cv-00586- MMD-CLB;

20. *Pearson vs. City of Reno*, 3:21-cv-00021-MMD- CLB;

21. *Pool vs. City of Reno*, 3:21-cv-00029-MMD-CLB;

22. *Ross vs. City of Reno*, 3:21-cv-00022-MMD- CLB;

23. *Schutte vs. City of Reno*, 3:20-cv-00714-MMD-CLB;

24. *Siminoe vs. City of Reno*, 3:20-cv-00595-MMD-CLB;

25. *Sotelo vs. City of Reno*, 3:21-cv-00037-MMD-CLB; and

26. *Spencer vs. City of Reno*, 3:20-cv-00715-MMD- CLB.

To ensure the efficient adjudication of this matter, to avoid inconsistent rulings, and to ensure the alignment of upcoming discovery deadlines, this Court issued an order reassigning the above related cases to Chief Judge Du and Magistrate Judge Baldwin on January 26, 2021. (ECF No. 15.) To the extent a master discovery plan and scheduling order can promote judicial economy in litigating the twenty seven related cases arising from the same flooding event, the parties propose the following Master Discovery Plan and Scheduling Order ("MDPSO").

**VI.   PROPOSED MASTER DISCOVERY PLAN AND SCHEDULING ORDER**

   **A.   FRCP 26(f) and Initial Disclosures**

*Meet and Confer*:  The Parties held their FRCP 26(f) conference via Zoom video on February 5, 2021.  Roger Doyle, Esq., Kerry Doyle, Esq. and Luke Busby, Esq. attended for Plaintiffs, and Jonathan Shipman, Esq., William McKean, Esq. and Chandeni Sendall, Esq. attended on behalf of City.

*Initial Disclosures*:

Initial disclosures pursuant to FRCP 26(a)(1)(A) will be disclosed by each Party no later than 45 calendar days from the date discovery opens upon entry of the Court's Order on the MDPSO.  To promote judicial economy, both parties consent to a master disclosure list of those documents previously disclosed in the state cases that are relevant to the individual federal matters referenced by previous Bates Numbers. In the event either party has additional disclosures relevant to an individual matter, those will be disclosed and produced by using a mutually agreed upon convention.

4

*Subjects upon which Discovery may be had:*

Plaintiffs propose that the scope of discovery be limited to individual damages given that class certification was effective through the determination of liability for all persons defined by the class definition and the City has already been found to be liable for the taking of the Plaintiffs' property for public use without paying just compensation. Discovery related to causation and liability of the flooding at issue in this case was conducted over an eighteen-month period in state court and Plaintiffs believe that no additional discovery is necessary on those subjects as they were determined as a matter of law and fact by the state court.

The City proposes that discovery will be needed on all matters set forth in the operative Complaints, including without limitation, causation and damages. The City has not been found liable for the taking of Plaintiffs' property for public use without payment of just compensation in all 27 cases.

Given the breadth of this case, and the potential for expensive discovery proceedings requiring expert opinion, the Parties propose placing a 45-day stay on the initiation of any Court allowed discovery to allow the Parties to engage in informal settlement discussions before incurring additional attorney's fees and costs that may make settlement more difficult to achieve at a later date.

*Discovery Disputes:* The Parties agree to take all reasonable steps to prevent protracted discovery disputes regarding discovery previously disclosed and discovery yet to be disclosed. The Parties affirm their requirement to meet and confer prior to involving the Court in any discovery disputes.

**B.     Limitations on Discovery**

The Parties request a 45-day stay on the initiation of all discovery to allow the Parties to engage in informal settlement discussions. The Parties understand that other alterations or modifications to the rules or the discovery plan require Court approval if the need arises.

**C.     Electronic Discovery – "ESI"**

The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will make efforts to

preserve ESI in their possession, custody, or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with the obligation under the FRCP. In the event ESI is to be produced, the ESI may be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. If the receiving party has an objection to the formatting of ESI received, that party must confer with the producing party prior to filing any motion or otherwise contacting the Court.

### D.      Protective Order and Confidential Information

The Parties do not anticipate any issues regarding claims of privilege or of protection of trial-preparation materials at this time. The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, will not be a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by FRCP and the Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness, proportionality, and/or segregation of privileged and/or protected information before production. The Parties agree that a Party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within thirty (30) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other Party that such document was inadvertently produced and should have been withheld. Once the producing Party provides such notice to the requesting Party, the requesting Party must, within five (5) business days, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting Party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**E.     Phased Discovery**

The Plaintiffs believe that any discovery related to liability or causation should be stayed until the Court decision on the Plaintiff's anticipated motions for summary judgment on liability. Plaintiffs believe that in the event the Court denies the motions for summary judgment regarding issue preclusion, liability discovery should not take more than 120 days given the volume and substance of discovery previously completed in the state class action. Plaintiffs agree that subject to the 45 day stay for the purposes of settlement negotiations, discovery related to the damages suffered by Plaintiffs should proceed without delay.

The City objects to phased or bifurcated discovery.  In all 27 cases, liability and damages discovery are inexorably intertwined.  Experience has shown that phased discovery will set the stage for discovery disputes and unnecessary motion practice.

**F.     Discovery Outside of District of Nevada**

The Parties anticipate limited need for discovery outside the District of Nevada, as only a few Plaintiffs allege currently residing outside of the State of Nevada. Discovery, including depositions and written discovery from those Plaintiffs, is the current anticipated scope of discovery required outside of the State of Nevada.

**G.     Deposition Summary**

Plaintiffs believe that any depositions of retained or consulting experts will occur with the expert physically located in Nevada with any travel at the cost of the party retaining or consulting that expert, <u>unless</u> then current health restrictions make travel unreasonable.

The City believes that FRCP 30 is adequate under the current circumstances, and appropriately contemplates issues such as remote depositions.

**H.     Initial Disclosures**

As noted above, initial disclosures pursuant to FRCP 26(a)(1)(A) will be disclosed no later than forty-five (45) calendar days from the date discovery opens upon entry of the Court's Order.

**I.      Discovery Cut-Off**

**Plaintiffs' proposal**: The Plaintiffs propose discovery close not later than October 31, 2021, or 120 days after the anticipated motions for summary judgment on liability have been decided, whichever is later. Plaintiffs strenuously object to the City's proposal for two additional years of discovery and point out that the City had over a year to conduct discovery on liability and causation of the Lemmon Valley flooding; the City had more than 270 days between the claims made in the state class action and the order decertifying the class to conduct discovery regarding damages to these properties; and nearly six more months of discovery on damages in Lemmon Valley after decertification. In all that time, the City did no habitability inspections, soil reports, structural assessments, or septic testing. The Court should not delay the determinations of the merits of Plaintiffs' cases for another two years of discovery.

COVID is not a restriction on reasonable discovery, and the Court has provided for reasonable protections to both the litigants and due process.

**City's proposal**: In compliance with LR 26-1(b)(1) and LR 26-2, the City proposes a discovery cut-off date for the 27 related and reassigned cases of **730 days** from the date discovery opens. The City submits that additional time is necessary given the large number of cases; the uniqueness of each property; the nature and complexity of the damage claims; the need for inspections and expert reports on soils testing, structural assessments, well & septic system testing; and the ongoing operational constraints imposed by COVID. The City strenuously objects to Plaintiffs' allegations regarding discovery in the state case, and specifically, any implication that the City had the opportunity to conduct adequate discovery of Plaintiffs' alleged claims and damages. As will be shown in the state case appeal before the Nevada Supreme Court, the district court's decision to certify a class and bifurcate discovery created a barrier that prevented the City from obtaining the discovery necessary to defend itself in a timely fashion.

**J.      Deadline to File Dispositive Motions**

Pursuant to LR 26-1(b)(4), and because of City's outstanding motions to dismiss and Plaintiffs' anticipated motions for partial summary judgment, it is the Parties' position that it

8

would be premature to establish a dispositive motion deadline at this time. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes the deadlines regarding any dispositive motions and trial ten (10) days after the Court rules on the City's motions to dismiss and/or Plaintiffs' partial motions for summary judgment.

Plaintiffs further propose that the dispositive motion deadline should be no longer than 150 days from the Court's decision on the Plaintiffs' anticipated motions for summary judgment. The City disagrees.

**K.     Extension of Scheduled Deadlines.**  The Parties agree to comply with LR 26-3, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-3. Any motion or stipulation to extend or to reopen discovery shall include:

    i.     A statement specifying the discovery completed.

    ii.    A specific description of the discovery that remains to be completed.

    iii.   The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and

    iv.    A proposed schedule for completing all remaining discovery.

**L.     Deadline to Amend Pleadings/Add Parties**

The Parties agree that in accordance with LR 26-1(b)(2) the date for filing motions to amend pleadings or to add Parties shall not be later than one hundred eighty (180) days prior to discovery cut-off date, unless otherwise permitted by the Court pursuant to the FRCP.

### M. Deadline to Disclose Experts

The Plaintiffs propose that FRCP 26(a)(2) disclosures identifying expert witnesses shall be made 90 days before the close of discovery and property rebuttal experts shall be made 60 days before the close of discovery.

The City proposes that in accordance with FRCP 26(a)(2) disclosures identifying expert witnesses shall be made three hundred and sixty-five (365) days prior to discovery cut-off date and disclosures identifying rebuttal experts shall be made one hundred eighty (180) days after the disclosure of those experts.

### N. Deadline for Joint Pre-Trial Order

Pursuant to LR 26-1(b)(5) and because of City's outstanding motions to dismiss and Plaintiffs' planned motions for partial summary judgment, it is the Parties' position that it would be premature to establish trial-related deadlines at this time. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order, which includes the deadlines regarding any dispositive motions and trial ten (10) days after the Court rules on the City's motions to dismiss and/or Plaintiffs' partial motions for summary judgment

### O. FRCP 26(A)(3) Disclosures

The Parties agree to include their disclosures required by FRCP 26(a)(3) and any objections thereto in the joint pretrial order.

### P. Jury Trial

A jury trial has been demanded by Plaintiffs in all 27 cases.

Plaintiffs believe a single jury trial or special master administrative process to adjudicate the claims of each Plaintiff would be appropriate to consider after rulings on the Plaintiffs' anticipated motions for partial summary judgment.

Given the individualized claims involving separate and unique parcels of real property, the City believes 27 distinct jury trials are necessary.

**Q.     ADR/Settlement Prospects**

In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation.

Plaintiffs believe that once the dispositive motion issues are resolved, exploration of a binding special master administrative process likely promotes judicial economy and consistency and may provide for the fair and equitable administration of the Plaintiffs' claims.

Given that 27 independent cases are involved here, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close discovery.

In compliance with LR 26-1(b)(8) the Parties certify that they have considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

**R.     Trial Issues**

1. *Proceeding before the magistrate judge:*  The Parties agree to timely file the requisite Form AO 85 should they intend to proceed before the magistrate judge in any of the 27 cases.

2. *Bifurcation of trials:*  The Parties do not request bifurcation or phasing of trial nor do they request shortening or expediting discovery, pre-trial motions or trial.

3. *Use of Electronic Evidence in Jury Trials:*  The Parties stipulate and agree that any electronic evidence will be prepared in compliance with LR 26-1(b)(9).

**S.     Final Pretrial Conference**

Because 27 independent cases have been brought and because dispositive motions will likely be filed, the Parties believe setting any pretrial conferences would be premature at this time.

**T.      Trial Date**

Because 27 independent cases have been brought, and because dispositive motions will likely be filed, the Parties believe setting proposed trial dates and length would be premature at this time.

Respectfully submitted,

**DATED** this February 16, 2021.                              **DATED** this February 16, 2021.


By: /s/ Kerry S. Doyle                                          By:      /s/ Chandeni Sendall
    Kerry S. Doyle, Esq.                                          Karl S. Hall, Esq.
    Nevada Bar No. 10866                                          Jonathan D. Shipman, Esq.
    Roger S. Doyle, Esq.                                          Nevada Bar No. 5778
    Nevada Bar No. 10876                                          Chandeni Sendall, Esq.
    4600 Kietzke Lane, Suite I-207                                Nevada Bar No. 12750
    Reno, Nevada 89502                                            William J. McKean, Esq.
    (775) 525-0889                                                Nevada Bar No. 6740
                                                                  P.O. Box 1900
    Luke Busby, Esq.                                              Reno, Nevada 89505
    Nevada State Bar No. 10319                                    (775) 334-2050
    316 California Ave #82
    Reno, Nevada 89509                                            Attorneys for the City of Reno
    775-453-0112

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **JOINT MASTER CASE MANAGEMENT REPORT** by:

| | |
|---|---|
| _____ | personally delivering; |
| _____ | delivery via Reno/Carson Messenger Service; |
| _____ | sending via Federal Express (or other overnight delivery service); |
| \_\_\_\_\_ | depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or, |
| __X__ | delivery via electronic means (fax, eflex, NEF, etc.) to: |

>Karl Hall, Esq.
>Jonathan Shipman, Esq.
>Chandeni Sendall, Esq.
>William McKean, Esq.
>Reno City Attorney's Office
>P.O. Box 1900
>Reno, NV 89505

**DATED** this Tuesday, February 16, 2021

By: /s/ Kerry S. Doyle